UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ANTONIO RODRIGUEZ-SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Criminal Case No.: 14-cr-2811-L<br>Civil Case No.: 17-cv-1901<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 [ECF NO. 39]** |

Petitioner, Luis Antonio Rodriguez-Sanchez ("Petitioner"), proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Mot"). The government filed a Response in Opposition ("Oppo") to Petitioner's Motion. The Court has reviewed the record, the submissions of the parties, and the supporting exhibits. For the reasons set forth below, the Court **DENIES** Petitioner's motion

## I. FACTUAL BACKGROUND

On August 28, 2014, Petitioner was pulled over while driving a Ford F-150 truck by San Diego Police Department officers for a window tint violation. Petitioner consented to a search of the truck. The officers found a brick of cocaine weighing approximately 1,295 grams, a loaded 9mm Smith and Wesson semi-automatic handgun, and two cellular telephones in the vehicle. Petitioner was arrested and transported to the San Diego Drug Enforcement Agency ("DEA") office. During a recorded post-arrest interview with DEA special agents, Petitioner stated he met a person named "Manny" from whom he bought kilograms of cocaine and sold them for a profit. Petitioner provided written consent for DEA special agents to search his home, telling them where they could find additional contraband. The DEA agents found approximately one kilogram of cocaine in his bedroom closet, a stack of U.S. currency, a small digital scale, boxes of baggies, a roll of cellophane, and a case for a Smith and Wesson handgun that contained a magazine with 10 rounds of 9mm ammunition.

## II. PROCEDURAL BACKGROUND

Petitioner was charged in a two-count Complaint on August 29, 2014 with (1) possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841 (a)(1) and (2) use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On October 9, 2014, Petitioner waived Indictment and pled guilty to a single-count Information that charged him with possession of cocaine with intent to distribute, in violation of 21 U.S.C. §841 (a)(1). In the plea agreement Petitioner acknowledged that he was subject to a five-year mandatory minimum sentence based on the 1,295 grams of cocaine, and that he was subject to a two-level enhancement under USSG § 2D1.1(b)(1) based on his possession of the firearm. Petitioner waived his right to appeal or collaterally attack his sentence and conviction in the Plea Agreement, which he confirmed during the plea colloquy on October 9, 2014.

On June 15, 2015, this Court sentenced Petitioner to the mandatory minimum sentence of five years in custody, finding that no adjustment for mitigating role was warranted.

On September 15, 2017, Petitioner filed the present motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government filed a response in opposition to Petitioner's motion on June 5, 2018.

### III. LEGAL STANDARD

A prisoner in custody may move the court that imposed his sentence to vacate, set aside, or correct the judgment under section 2255 on the grounds that:

> The sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).

Such motions must be filed within one year from the date upon which a petitioner's conviction becomes final, unless an exception applies. *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994); 28 U.S.C. §2255(f)((3). A Petitioner may file a motion pursuant to section 2255 even when he has waived his right to appeal or collaterally attack his sentence in a plea agreement if he raises a claim of ineffective assistance of counsel or involuntariness of waiver. *Washington v. Lampert*, 422 F.3d 864, 870 (9th Cir. 2005). Section 2255 provides that a hearing must be granted to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Blaylock*, 20 F.3d at 1465.

### IV. STATUTE OF LIMITATIONS

Petitioner's conviction became final on June 15, 2015, and he filed the current motion on September 15, 2017, approximately two years later, making his motion

3

14-cr-2811-L

untimely. *See* 28 U.S.C. §2255(f)((3). Petitioner claims he did not file the Motion sooner because he was waiting for his appellate attorney to do so on his behalf. (Mot. at 5). The Government does not challenge Petitioner's motion on statute of limitations grounds. While it appears that Petitioner's motion is time-barred for failure to file within the applicable statute of limitations, review of the claims demonstrates that Petitioner's motion should be denied on the merits regardless of its timeliness.

V. **DISCUSSION**

Petitioner argues that he received ineffective assistance of counsel because 1) his attorney promised to file a Rule 35 motion for reduction in sentence based on substantial assistance, but he did not file the motion; 2) his attorney did not request a minor role reduction under USSG § 3B1.2; 3) his attorney failed to tell the judge about available sentencing alternatives for youth offenders; 4) his attorney failed to request a downward departure; and 5) he was not informed about his appellate rights.

### A. Ineffective Assistance of Trial Counsel

To establish ineffective assistance of counsel, a petitioner must prove by a preponderance of the evidence that: (1) the assistance provided by counsel fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To satisfy the deficiency prong of the *Strickland* test, the Petitioner must show that his counsel's performance "fell below an objective standard of reasonableness" and was not "within the range of competence demanded of attorneys in criminal cases." *Id*. at 687 (quoting in part *McMahan v. Richardson*, 397 U.S. 759, 771 (1970). In considering this issue, there is a "strong presumption that counsel's conduct falls within a wide range of professional assistance." *Strickland*, 466 U.S. at 689. The court must "begin with the premise that 'under the circumstances, the challenged action [ ] might be considered sound trial strategy.' " *Cullen v. Pinholster*, 563 U.S. 170, (2011) (quoting *Strickland*, 466 U.S. at 689). To satisfy the prejudice prong, "*Strickland*

asks whether it is 'reasonably likely' the result would have been different" absent counsel's actions. *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

1. Rule 35 Motion

Petitioner claims that his attorney failed to provide adequate representation because he promised to file a motion to reduce his sentence under Federal Rules of Criminal Procedure 35 for substantial assistance to the Government, but he did not file any such motion. (Mot. at 5). The Government counters that Petitioner suffered no prejudice due to his attorney's failure to file the motion because (1) there was no evidence that Petitioner provided substantial assistance, as required under Rule 35, and (2) the Government, not defense counsel, is required to file a Rule 35 motion. (Oppo. at 11-12). The Government notes that, despite the lack of a Rule 35 motion or other downward departure for substantial assistance, Petitioner was given credit for the additional information he provided about drugs and other contraband in his house. (*Id*. at 13).

Federal Rule of Criminal Procedure 35(b) provides: "Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed.R.Crim.P 35(b). There is no evidence that Petitioner provided substantial assistance after he was sentenced, and further, it is solely within the purview of the prosecutor to request such a reduction, therefore, Petitioner's attorney did not provide inadequate representation by failing to file such a motion. *See Rupe v. Wood,* 93 F.3d 1434, 1445 (9th Cir. 1996) ("the failure to take a futile action can never be deficient performance"). Accordingly, Petitioner's claim is **DENIED**.

2. Minor Role Reduction

Petitioner contends that his attorney provided deficient performance by failing to seek a minor role reduction under USSG § 3B1.2. (Mot. at 6). He further argues that despite his plea agreement waiver of appeal and collateral attack, he is entitled to file a motion to modify his sentence at a later time if it falls under a subsequent amendment to

the Sentencing Guideline citing *United States v. Chavez-Salais*, 337 F.3d 1170 (9th Cir. 2003). (*Id.*)

The Government argues that the claim is baseless because defense counsel requested a four-level reduction in his sentencing memorandum based on Petitioner's minimal role in the offense under USSG § 3B1.2. (Oppo. at 14). In addition, the Government claims that since Petitioner was subject to the mandatory minimum sentence, any request by defense counsel under clarifying amendments or other provisions of the Sentencing Guidelines for a minor role adjustment was a moot argument that could not affect his sentence, therefore he suffered no prejudice. (Id. at 15).

Contrary to Petitioner's argument, his attorney attempted to have his sentencing guideline range lowered by 4 points for minor role, but the Court found Petitioner did not qualify for that departure. Under USSG § 3B1.2, a defendant may qualify for a 4-level reduction in their sentencing guideline "if the defendant was a minimal participant in any criminal activity." U.S.S.G. §3B1.2(a). Here, defense counsel argued that Petitioner was a "low level drug dealer who sells cocaine, on a small scale, in personal use amounts of grams and 8-balls, occasionally selling quantities up to an ounce." (Defense Sentencing Memo. at 3 [ECF NO. 32.]) Counsel asked the court to consider 'the small role [Petitioner] played in a much larger scheme." (*Id*. at 4).

During the sentencing hearing, the Court declined to give Petitioner the 4-level departure for minor role, noting that "as far as role is concerned, he had to have had a fairly significant role, considering the amount of money, drugs, et cetera, that he was involved with." (Rptr's Tr. at 7 [ECF NO. 46.]) The Court stated it was "not really in a position for any departures" because Petitioner was charged with a drug offense and possession of a loaded firearm, compelling a minimum mandatory sentence of 60 months, even with a category I criminal history score. (*Id*.) In light of trial counsel's attempt to secure a downward departure for minor role, there is no merit to Petitioner's claim that

his attorney provided inadequate representation, and the claim is **DENIED**. *Strickland*, 466 U.S. at 688.

### 3. Youth Offender Sentencing Alternatives

In his third claim, Petitioner argues that his attorney rendered deficient performance for "failing to inform the judge of available sentence alternatives for youth [offenders] because there was a reasonable probability that the trial judge would not have imposed life had it known of the alternatives." (Mot. at 7). He goes on to state that examples of such sentencing reductions include motions pursuant to 18 U.S.C. § 3582(c) for certain drug trafficking crimes, although it is unclear whether he claims his attorney provided deficient representation for failing to seek relief under this statute. (*Id*. at 15).

In response, the Government notes that Petitioner was not sentenced to life in custody, and that he cannot show that he suffered any prejudice from counsel's alleged failure to inform the court of sentencing alternatives because he was not a minor, but instead was a 26 year old man when the Court imposed sentencing on June 15, 2015. (Oppo. at 16). In addition, the Government contends that Petitioner could not have taken advantage of any downward departure because he was subject to a minimum mandatory sentence. (*Id.*)

As a primary matter, Petitioner did not receive a life sentence, but instead was sentenced to sixty months, or five years, in custody. (Judgment at 2 [ECF NO 37.]) Furthermore, his attorney did not provide deficient performance for failing to brief the Court about sentencing alternatives for youth offenders because Petitioner was not a juvenile at the time of the offense or the sentencing. According to the Pre-Sentence Report ("PSR"), Petitioner was born on July 27, 1988. (PSR at 2 [ECF NO. 24.]) The offense was committed on August 28, 2014, and he was sentenced on June 15, 2015, making him twenty-six years old at the time of the offense. (Information at 1 [ECF NO 12]; Judgment at 1 [ECF NO. 37.])) Additionally, no downward departure would have been appropriate in light of the statutorily prescribed five year minimum mandatory triggered by virtue of 1,295 grams of cocaine and a firearm found in Petitioner's

possession. Counsel did not provide ineffective assistance for failing to raise a meritless request for juvenile offender sentence alternatives, therefore, Petitioner's claim is **DENIED**. *See Rupe*, 93 F.3d at 1445 (9th Cir. 1996) ("the failure to take a futile action can never be deficient performance").

### 4. Safety Valve

Petitioner claims that his attorney failed to advise him about the availability of a "safety valve" sentence reduction, and that his attorney failed to request a downward departure, constituting deficient performance. (Mot. at 9). Petitioner requests an evidentiary hearing on the issue. (*Id.*) In response, the Government points out that Petitioner's counsel requested downward departures, and safety valve relief for Petitioner, but that the presence of the firearm and the prosecutor's belief that Petitioner was not candid about information related to the offense disqualified him for this departure. (Oppo. at 16 n. 3, 17). The Government references DEA Special Agent Pokryfe, who stated in her declaration that during their October 22, 2014 meeting, Petitioner made "multiple affirmative misstatements," "omitted significant information," and that he provided information that was inconsistent with the information provided during his post arrest statement on August 28, 2014" which was detailed information corroborated by information in his phone. (Gov't Oppo Ex 1 at 7-8).

Under 18 U.S.C. 3553(f) and the United States Sentencing Guidelines ("U.S.S.G."), otherwise known as "safety valve" relief, a court may reduce a defendant's sentence below the statutory minimum if it finds, among other things, that the defendant did not use a firearm in connection with the offense and that he "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553 (f)(2) & (5) and U.S.S.G. § 5C1.2. In determining whether a firearm was used in connection with the offense, the "firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Smith v. United States*, 508 U.S. 223, 238 (1993).

In the present case, Petitioner had a loaded 9mm Smith and Wesson semi-automatic handgun, wrapped in a towel and hidden underneath the air conditioning panel in the truck, along with a brick of cocaine and two cellular telephones. (Gov't Oppo at 17; Ex. 1 Declaration of DEA Special Agent Pokryfe at 1-2). In his sentencing memorandum, Petitioner's counsel moved the Court to depart from the mandatory minimum sentence, acknowledging that the presence of a firearm during the offense precluded Petitioner from receiving a two-point departure, but arguing that Petitioner provided all the information and evidence he had to the government which warranted a reduction in sentence. (Mot. at 2-3). Counsel stated that Petitioner "consistently shared his involvement with the narcotics sales and distribution" and that despite the prosecutor's assertion that Petitioner was not candid, counsel had "no meaningful way to dispute this claim, aside from renewing the argument that [Petitioner] has been consistent in his recitation of involvement." (Def. Sent. Memo. at 2).

Even if his attorney failed to advise Petitioner of the availability of safety valve relief, knowing it was a long shot in light of the presence of a firearm in the car along with the drugs, he nevertheless argued for this relief despite the overwhelming odds that it would be rejected by the Court. The combination of the firearm and Petitioner's failure to be forthright with information to the government precluded him from receiving safety valve relief, therefore he suffered no prejudice from his attorney's failure to inform him about this form of relief. *Strickland*, 466 U.S. at 688. Accordingly, this claim is **DENIED**.

## VI. EVIDENTIARY HEARING

The Court must generally conduct an evidentiary hearing where 1) a Petitioner alleges specific facts in his 2255 motion which, if true, would entitle him to relief, and 2) the motion, files and records of the case do not conclusively show that Petitioner is entitled to relief. See 28 U.S.C. § 2255*; United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003). Here, Petitioner has not alleged specific facts that show he is entitled to

relief on the claims he raised, nor do the files and records of the case demonstrate he is entitled to relief, therefore, no evidentiary hearing is required.

### VII. CERTIFICATE OF APPEALABILITY

A certificate of appealability is authorized "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner does not have to show "that he should prevail on the merits. He has already failed in that endeavor." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal quotation omitted).

Having reviewed the matter, the Court finds that Petitioner has not made a substantial showing that he was denied a constitutional right and the Court is not persuaded that jurists could disagree with the Court's resolution of his claims or that the issues presented deserve encouragement to proceed further. Therefore, a certificate of appealability is **DENIED**.

### VIII. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255.

**IT IS SO ORDERED**

Dated: March 21, 2019

_____
Hon. M. James Lorenz
United States District Judge